## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES SIMMERS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1861-RGA |
| MRS. HARRISON, et al., | : |
| Defendants. | : |

James Simmers, Howard R. Young Correctional Institution, Wilmington, Delaware.
Pro Se Plaintiff.

## **MEMORANDUM OPINION**

April ____, 2018
Wilmington, Delaware

*Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff James Simmers, an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] (D.I. 1, 6). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). The Court screens and reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

In October 2014, a Delaware Superior Court jury convicted Plaintiff of two counts of rape in the fourth degree and one count of indecent exposure in the second degree. *Simmers v. State*, 171 A.3d 1115 (Del. 2017) (table). The Superior Court sentenced Plaintiff to a total period of twenty years and thirty days at Level V incarceration, to be suspended after serving six years and thirty days in prison for decreasing levels of supervision. *Id.* On September 25, 2017, the Delaware Supreme Court affirmed the trial court's denial of Plaintiff's first motion for post-conviction relief. *Id.* Plaintiff commenced this action in December 2017.

Plaintiff alleges that he was "going to education class for over 60 weeks for the first part" of the class. (D.I. 1). During this time Plaintiff worked at the commissary. Plaintiff asked his counselor to inquire why he was in the class when the court knew that his case was still on appeal. The counselor told Plaintiff not to worry. Part II of the class required Plaintiff to admit his guilt, but he refused. Plaintiff told his counselor that

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

1

he did not want a "write-up." Plaintiff alleges his placement in the class was illegal because his case was on appeal.

The class was taught by Defendant Mrs. Harrison. When Plaintiff refused to say he was guilty, Mrs. Harrison stated that Plaintiff refused to participate in the transition group. While not clear, it appears Plaintiff received a disciplinary ticket on June 27, 2017, because of this. Plaintiff alleges that Defendant Matthew Hoover took action. Plaintiff saw the warden and wrote to his counselor and Defendant Mrs. Fields asking if the action was legal since his criminal case was still on appeal. Plaintiff alleges that Defendant Captain Dych had his disciplinary ticket for this matter that occurred over five months ago. Also, it seems that Plaintiff was transferred to a different housing unit and housed in a three-man cell.

Plaintiff was called back to the class on July 6, 2017. On July 12, 2017, Plaintiff submitted a grievance complaining that he should not be placed in the class because his case is on appeal. He asked that the disciplinary ticket be dropped and for a transfer to a different housing unit until the appeal was decided. The grievance was returned advising Plaintiff that classification is non-grievable. The Complaint does not contain a prayer for relief.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28

U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

3

(2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

To the extent Plaintiff alleges the change in his housing assignment and/or classification violated his constitutional rights, the claims fail. It is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). In addition, the custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the

4

business of prison administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225. The Complaint fails to state a claim of constitutional dimension with respect to his custody level classification and housing.

To the extent Plaintiff alleges he was improperly placed in the education class the claim fails because he has no constitutional right to any rehabilitative program and, therefore, has no right to challenge his classification and placement in the education class. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986, 1002 (D. Del.1995) (inmate has no right to rehabilitation, education, or training programs in prison).

Finally, to the extent Plaintiff contends he received a false or unfounded disciplinary ticket, the claim fails. The act of filing false or unfounded disciplinary charges does not itself violate a prisoner's constitutional rights. *See Freeman v. Rideout*, 808 F.2d 949, 952-53 (2d Cir. 1986) (mere filing of a false charge does not constitute a cognizable claim under § 1983 so long as inmate is granted a hearing and the opportunity to rebut the charges). Here, Plaintiff does not allege that he was denied an institutional disciplinary hearing or an opportunity to present evidence to refute the charges. Instead, he complains that six months have passed and he has received "not one thing back." (D.I. 1, 6).

There are no factual allegations of wrongdoing that rise to the level of a constitutional violation. Further, to the extent Plaintiff discusses his displeasure with the charges brought against him, the process, and (it appears) the sanctions he received, he cannot use §1983 as a basis to challenge the validity "of his confinement or its duration." *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

There are no claims in the Complaint that rise to the level of constitutional violations. Therefore, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint (D.I. 1, 6) as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The Court finds amendment futile.

An appropriate Order will be entered.